### DADE COUNTY v. STATE OF FLORIDA, et al.
No. 72-16259.

Circuit Court, Dade County.

October 30, 1972.

Stuart Simon, County Attorney, and Robert A. Ginsburg, Assistant County Attorney, for the plaintiff.

Richard E. Gerstein, State Attorney, for the defendants.

Dan Paul, Miami, as property owner and taxpayer.

HAROLD R. VANN, Circuit Judge.

This cause came on to be heard before me on September 1, 1972 on the complaint of Dade County, a political subdivision of the state of Florida, as plaintiff, the answer of the state attorney of the eleventh judicial circuit of Florida and the answer of Dan Paul, a property owner, taxpayer and citizen of Dade County. After having examined the pleadings, and having received evidence in this cause and hearing argument of counsel, the court makes the following findings of fact and conclusions of law —

Dade County filed its complaint for the validation of not exceeding $7,500,000 Parking Facilities Revenue Bonds Series 1972 of the County of Dade. The exhibit attached thereto showed that the board of county commissioners of Dade County adopted Ordinance No. 72-40 authorizing the construction of a multi-level parking garage to serve the general public, patients, visitors and staff at county owned and operated Jackson Memorial Hospital and the issuance of not exceeding $7,500,000 Parking Facilities Revenue Bonds Series 1972 of the County of Dade to pay the cost thereof.

The financial plan indicates that the anticipated annual income from the project is only sufficient to provide for anticipated operating expenses plus 120% of the maximum amount of the principal and interest requirements for any fiscal year.

The ordinance also provides that to the extent that the revenues from the operation of the parking system are insufficient to provide for the funds described in the preceding paragraph, the county pledges to make up such deficiency from the first available gross

hospital revenues of Jackson Memorial Hospital and the county defines the term "gross hospital revenues" as "all income derived by the county from its ownership and operation of Jackson Memorial Hospital, including, but without limiting the generality of the foregoing, money derived from Blue Cross, Blue Shield, Medicare, Medicaid or other insurance plans, and the proceeds derived from accounts receivable and contract and other rights whether now or hereafter owned, vested or held".

It is a matter of common knowledge in Dade County that Jackson Memorial Hospital operates at a loss annually and that it is necessary to include in the county budget every year sums greatly in excess of ten million dollars obtained by ad valorem taxation of the county taxpayers to balance the budget for the operation of the hospital, a fact of which this court takes judicial knowledge.

The plaintiff did not conduct the bond election prescribed by chapters 100 and 169, Florida Statutes, and by §12 of article VII of the Florida Constitution.

It is therefore the conclusion of the undersigned judge that Dade County in its attempt to issue $7,500,000 parking facility revenue bonds has obligated itself to use the gross revenues of Jackson Memorial Hospital to make up any deficiency in revenues from the operation of the project of the multi-level parking facility described in the complaint and in the ordinance and that such pledge of the gross hospital revenues of Jackson Memorial Hospital is an indirect pledge of ad valorem taxation without a vote of the electors in violation of provisions of §12, article VII of the Florida Constitution and chapters 100 and 169 of the Florida Statutes.

It is therefore, upon due consideration thereof, ordered and adjudged that the complaint for validation of not exceeding $7,500,000 Parking Facilities Revenue Bonds Series 1972 for the County of Dade, Florida be and the same is hereby denied.